## G. D. Hines v. The State.

### No. 50.   Decided November 3, 1909.

**1.—Carrying Pistol—Evidence—Other Offense.**

Upon trial for carrying a pistol there was no error in permitting the State to show that defendant had admitted, in his trial for assault to murder, to having a pistol, as this was *res gestae;* and while the testimony as to the wounds inflicted by defendant was not necessary or admissible, it could not operate a reversal of the pistol case, as defendant received the minimum punishment.

**2.—Same—Requested Charge.**

Upon trial for unlawfully carrying a pistol, where there was no controversy to the admitted fact of defendant's reputation as a peaceable citizen, there was no error in refusing the requested instruction on this matter.

**3.—Same—Charge of Court—Imminent Danger.**

Where, upon trial for unlawfully carrying a pistol, the court's charge on the question of imminent and threatening danger to defendant at the time of carrying the pistol for fearing an unlawful attack, etc., was correct, and the facts disclosed that the defendant apparently sought out the deceased, and did not appeal to the officers, there was no error.

**4.—Same—Argument of Counsel.**

Where State's counsel's remarks were authorized by the evidence there was no error.

Appeal from the County Court of Coleman.   Tried below before the Hon. T. J. White.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Woodward & Baker* and *Snodgrass & Dibrell,* for appellant.—On question of refusal of special charge on defendant's general reputation as a peaceful citizen: Jordan v. State, 5 Texas Crim. App., 422; Rumage v. State, 55 S. W. Rep., 64.   On question of imminent danger and court's charge thereon:   Coleman v. State, 28 Texas Crim. App., 173; Strickland v. State, 33 Texas Crim. Rep., 559, 28 S. W. Rep., 466; Williams v. State, 44 Texas Crim. Rep., 494, 72 S. W. Rep., 381.

*F. J. McCord,* Assistant Attorney-General for the State.

BROOKS, Judge.—Appellant was convicted of carrying a pistol, and his punishment assessed at a fine of $100.

The evidence shows that appellant had a difficulty with the prosecuting witness, Ed Kellett, and shot Ed Kellett, for which he was tried and acquitted.   Subsequently he was prosecuted for carrying the pistol with which the shooting was done.   The facts, in reference to carrying the pistol, are, in substance, as follows:   Appellant was in some character of business in the town of Coleman.   While living there appellant went on Kellett's note at the bank, which note, when

due, Kellett failed to pay. On account of this failure Kellett became angered at appellant, made threats against appellant's life and divers statements of ill-will towards appellant. When notified of this fact on the night in question appellant armed himself with his pistol, went down the street to where there was some music, and then went to the Central Hotel and stayed there some five or ten minutes, and then went to the Wylie Hotel. That Kellett came to him at that place, and after some conversation invited him into the office of the hotel. After they entered the office they had some words, during which appellant states he drew his pistol and shot Kellett.

1. The first bill of exceptions is reserved to the introduction by the State of the evidence of the shooting of Kellett by appellant, the objection thereto being, first, because it was permitting the State to prove another and separate offense from the one charged; second, same was prejudicial; third, same was not res gestae of the offense charged, the testimony of the defendant showing that he carried the pistol from his office down into town and into the streets, and down to the hotel where the difficulty occurred. In this connection the State was permitted to prove by Dr. Bailey the character of the wounds upon prosecuting witness' person. The State relied upon the reproduction of the sworn testimony of appellant, which testimony was given by appellant in his trial for assault with intent to murder, wherein he admitted having the pistol under the circumstances above detailed. We do not think it was necessary to prove in this connection the wounds inflicted upon prosecuting witness by appellant with the pistol. However, it was part of the res gestae of having and carrying the pistol. But be this as it may, it would not operate a reversal of this case, because appellant received the minimum punishment.

2. Appellant requested the court to give the following charge: "You are instructed in this case that the State has admitted that the defendant G. D. Hines' general reputation is that he was a peaceable, law-abiding citizen, and in passing upon this case and all the issues of this case you must take it as a proven and established fact that defendant was a peaceable, law-abiding citizen at the time of carrying of the pistol." There does not appear to have been any contradiction in reference to the admitted fact of appellant's reputation, and we do not think it was reversible error to refuse to give the requested instruction.

3. In the general charge the court instructed the jury as follows: "You are further instructed that preceding instruction No. 1 does not apply to a person who at the time he carries a pistol has reasonable grounds for fearing an unlawful attack upon his person and the danger is so imminent and threatening as not to admit of the arrest of the party about to make such unlawful attack, upon legal process." Then again: "You are further instructed in this case that if you believe from the evidence herein that defendant, G. D. Hines, at the

time he armed himself, if you believe from the evidence beyond a reasonable doubt that he did arm himself, had reasonable grounds for fearing an unlawful attack upon his person by Ed Kellett, and the danger, if any, was so imminent and threatening, as not to admit of the arrest upon legal process, of the said Ed Kellett, then you will acquit the defendant and say by your verdict not guilty." Appellant criticises this charge on the ground that in order to authorize an acquittal of the defendant, defendant must have had a reasonable ground for fearing an unlawful attack upon his person at the time he armed himself. We do not think this charge is subject to this criticism. Furthermore, we doubt extremely whether the evidence in this case suggests the issue charged upon. Appellant secured his pistol, according to the evidence, and apparently sought deceased out or in any event went where he had every reason to believe he would be found, and went from one hotel to another. The officers were there in the town, and there is no suggestion in the evidence to the effect that he attempted to have the prosecuting witness arrested. We do not think the case of Williams v. State, 72 S. W. Rep., 381, has any bearing upon this case. In that case the defendant was in his place of business when the difficulty occurred. The charge of the court, we think, is correct. Nor do we think any of the special charges were necessary in the light of the court's general charge.

4. Appellant objected to the following remarks of the county attorney: "They tell you Ed Kellett was a dangerous and violent man and not a line of evidence produced by the defense that he ever had a difficulty with a single person and nothing in evidence on this line except he threatened to slap a man's jaws." This statement seems to have been authorized by the evidence.

We find nothing in this record that authorizes a reversal of the case. We think the defense a subterfuge pure and simple; at any rate, be this as it may, the court has submitted the question to the jury, and they have decided the question against appellant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied December, 1909.—Reporter.]